UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| **PATSY LOU MIER,** )<br>           **Plaintiff,**    )<br>**v.**                                                  )<br>                                                          )<br>**MICHAEL J. ASTRUE,**              )<br>**COMMISSIONER OF SOCIAL**   )<br>**SECURITY,**                               )<br>           **Defendant.**    ) | Case No. 07-2245 |

# REPORT AND RECOMMENDATION

In June 2007, Administrative Law Judge (hereinafter "ALJ") James Gildea denied Plaintiff Patsy Mier's application for disability insurance benefits and supplemental security income. The ALJ based his decision on a finding that there are jobs available in significant numbers in the national economy that Plaintiff can perform.

In January 2008, Plaintiff, acting *pro se*, filed a Complaint (#4) against Defendant Michael Astrue, the Commissioner of Social Security, seeking judicial review of the ALJ's decision to deny social security benefits. In June 2008, Plaintiff filed a Motion for Summary Judgment (#12). In September 2008, Defendant filed a Motion for an Order Which Affirms the Commissioner's Decision (#15). After reviewing the administrative record and the parties' memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Plaintiff's Motion for Summary Judgment **(#12)** be **GRANTED**.

## I. Background
### A. Procedural Background

Plaintiff filed an application for social security benefits in October 2003, alleging that she became disabled in May 2003. The Social Security Administration (hereinafter "SSA") denied Plaintiff's application initially and upon reconsideration. Plaintiff timely requested a hearing, which the ALJ held in July 2006. The ALJ issued an unfavorable decision in August 2006. The Appeals Council subsequently granted Plaintiff's request for review and remanded the case. ALJ Gildea held a hearing in March 2007. Plaintiff was represented by counsel at the hearing.

At the hearing, Plaintiff and vocational expert Ronald Malik testified.  In June 2007, the ALJ denied Plaintiff's application for benefits.  The Appeals Council subsequently denied Plaintiff's request for review of this decision, making the ALJ's decision the Commissioner's final decision.  In January 2008, Plaintiff appealed this decision by filing a complaint in federal court pursuant to 42 U.S.C. § 405(g).

### B.  The ALJ's Decision

To be entitled to social security disability benefits, a plaintiff must show that he is unable to engage in any substantial gainful activity because of a medically-determinable physical or mental impairment that can be expected to result in death or that has lasted, or can be expected to last, for a continuous period of at least twelve months.  42 U.S.C. § 416(i)(1)(A).  Social Security regulations outline a five-step inquiry to be followed in determining whether a claimant is disabled.  20 C.F.R. § 416.920(a)-(f).  The Commissioner must determine in sequence: (1) whether the claimant is currently employed; (2) whether he has a severe impairment, i.e., one that significantly limits his physical or mental ability to perform basic work activities; (3) whether his impairment meets or equals one listed by the Secretary; (4) whether the claimant can perform his past work; and (5) whether the claimant is capable of performing any work in the national economy.  Once the claimant has satisfied Steps One and Two, he will automatically be found disabled if he suffers from a listed impairment.  Between Steps Three and Four, the Commissioner determines the claimant's residual functional capacity, that is, the work he is still able to perform despite limitations.  20 C.F.R. § 404.1545.  If the claimant does not have a listed impairment but cannot perform his past work, the burden shifts to the Commissioner to show that the claimant can perform some other job.  *Campbell v. Shalala*, 988 F.2d 741, 743 (7th Cir. 1993).

Here, the ALJ found that Plaintiff had severe impairments including tachycardia, degenerative disc disease, depression, mood disorder, and adjustment disorder with depressed, anxious mood.  However, she did not have an impairment that satisfied the Listing of

Impairments under Listings 1.02, 1.03, 1.04, 4.05, 12.04, or 12.06. Plaintiff does not challenge this finding.

The ALJ next determined that Plaintiff had the residual functional capacity (hereinafter "RFC") to perform work that requires the ability to lift up to 20 pounds occasionally and up to 10 pounds frequently, stand or walk up to 6 hours in an 8-hour day with normal breaks, and sit for up to 6 hours in an 8-hour day with normal breaks. The work should not require climbing ladders, ropes, or scaffolds, or more than occasional stooping, kneeling, crouching, and crawling, and it should not require the ability to understand, recall, or carry out detailed instructions, or to interact with co-workers more than occasionally.

Based on this RFC, the ALJ determined that Plaintiff was unable to perform her past relevant work. Based on an age of 51, the ALJ determined that transferability of job skills was not material in this case. At Step Five, the ALJ determined that Plaintiff could perform a significant number of jobs that exist in the national economy.

## II. Standard of Review

An ALJ's decision is subject to review pursuant to 42 U.S.C. § 405(g), which provides that "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." The United States Supreme Court has defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citing *Consol. Edison Co. v. New York*, 305 U.S. 197 (1938)). Where conflicting evidence may allow reasonable minds to differ as to whether a claimant is disabled, the responsibility for making that determination rests with the ALJ. *Books v. Chater*, 91 F.3d 972, 978 (7th Cir. 1996). Therefore, the question for review is not whether the claimant is disabled, but whether substantial evidence in the record supports the ALJ's finding of no disability. *Id.* at 977. The Court defers to the ALJ's determinations of credibility, "so long as they find some support in the record." *Edwards v. Sullivan*, 985 F.2d 334, 338 (7th Cir. 1993).

### III.  Discussion

Plaintiff's motion asks the Court to enter judgment in her favor.  The Commissioner concedes that the ALJ erred at Step Five, specifically identifying a potential conflict between the VE's testimony and the grid as they relate to the period after Plaintiff reached the age of 55.  As a result, the Commissioner requests remand so that the ALJ can resolve the potential conflict.  Accordingly, the only question before the Court is whether it should remand for reconsideration or for an award of benefits.

The Commissioner explained that the potential conflict depends on whether Plaintiff retained transferable skills after she turned 55.  According to the Regulations, a person of advanced age who is limited to light work is not disabled under Grid rules if she has transferable skills.  However, a person who is aged 55 or older who can perform light work is considered disabled if her skills do not transfer to a significant number of jobs.

Here, the ALJ mistakenly stated that Plaintiff was 51 years old.  (R. 33.)  Thus, he found that the issue of transferable skills was not material (R. 33) and he made no finding as to whether Plaintiff had transferable skills.

Under 42 U.S.C. § 405(g), the Court has the authority to affirm, reverse, or modify a final decision of the Commissioner, with or without remand.  42 U.S.C. § 405(g), sentence 4.  When an ALJ's decision is not supported by substantial evidence, a remand for further proceedings is the appropriate remedy unless the evidence before the court compels an award of benefits. *Briscoe v. Barnhart* 425 F.3d 345, 355 (7th Cir. 2005) (citing *Campbell v. Shalala*, 988 F.2d 741, 744 (7th Cir. 1993)).  However, when all essential factual issues have been resolved and the record clearly establishes that the plaintiff is entitled to benefits, a judicial award of benefits is proper.  *See Campbell,* 988 F.2d at 744.

The Court agrees with the Commissioner that a remand for an award of benefits is not warranted because the ALJ's failure to consider the issue of transferable skills raises a material factual issue that the record does not resolve. Accordingly, the Court recommends remanding this case for reconsideration.

### IV. Summary

For the reasons set forth above, this Court recommends that Plaintiff's Motion for Summary Judgment **(#12)** be **GRANTED** and the case remanded to the Commissioner pursuant to 42 U.S.C. § 405(g), sentence four, for further proceedings consistent with this recommendation. Remand pursuant to 42 U.S.C. § 405(g), sentence four, will terminate the case. *Shalala v. Schaefer*, 509 U.S. 292, 299 (1993) (a sentence-four remand order terminates the case).

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within ten (10) working days after being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTER this 20th day of November, 2008.

                                                s/ DAVID G. BERNTHAL
                                                U.S. MAGISTRATE JUDGE